IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.

JIMMIE DARRELL POE, SR.,

    Defendant-Movant.

Case No. 94-CR-30064-SMY

**ORDER**

This matter comes before the Court on Defendant's Motion to Discharge Restitution and Fees. (Doc. 467). Defendant was sentenced on August 29, 1996 to four hundred twenty months imprisonment, a $450.00 assessment, a $3,600.00 fine, and $134,000.00 forfeiture. (Doc. 471, Ex. 1). While incarcerated, Defendant has paid the $450.00 assessment and the $3,600.00 fine. *Id*. Defendant has only the forfeiture debt remaining. *Id*. Defendant now requests this Court declare his fine, restitution, and assessment discharged.

Criminal forfeiture is a mandatory judgment for the amount of proceeds derived from the crime. *United States v. Vampire Nation*, 451 F.3d 189, 201 (3d Cir. 2006). Thus, criminal forfeitures are distinct from a criminal fine. *United States v. Casey*, 444 F.3d 1071, 1076 (9th Cir.2006) (citing 18 U.S.C. § 3572). While fines and restitution are controlled by the 20-year limit found in 18 U.S.C. § 3613, the statute does not apply to criminal forfeitures. *United States v. Fischer*, 394 Fed.Appx. 322 (7th Cir. 2010) (finding that 18 U.S.C. § 3613 does not apply to criminal forfeitures.). Because the remaining debt exists as the result of criminal forfeiture, the judgment is in personam and creates "a judgment lien against [a defendant] for the balance of his prison term and beyond." *United States v. Baker*, 227 F.3d 955, 970 (7th Cir. 2000). Finally,

because the statutes cited by Defendant do not apply to the question of criminal forfeiture, his ex post facto argument also fails. Accordingly, Defendant's Motion to Discharge Restitution and Fees (Doc. 467) is **DENIED**.

**IT IS SO ORDERED.**
**DATED: May 26, 2015**                                         s/ Staci M. Yandle
                                                                **STACI M. YANDLE**
                                                                **DISTRICT JUDGE**