IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 94-CR-30064-SMY |
| ) | |
| ) | |
| JIMMIE DARRELL POE, SR., ) | |
| ) | |
| Defendant. ) | |

## ORDER

**YANDLE, District Judge:**

Defendant Jimmie Darrell Poe, Sr. filed a *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines (Doc. 473). The Motion was referred to the Federal Public Defender's office, and Assistant Federal Public Defender Todd Schultz entered his appeared on behalf of Defendant (Docs. 475). Mr. Schultz has now moved to withdraw claiming that Defendant is ineligible for a sentence reduction under Amendment 782 because his guideline range has not changed (Doc. 476). Neither Defendant nor the Government filed responses, although afforded an opportunity to do so (*see* Doc. 477).

A district court has the authority to modify a sentence where a defendant was sentenced to a term of imprisonment based on a guideline range that was subsequently lowered as a result of an amendment to the United States Sentencing Commission Guidelines Manual. 18 U.S.C. § 3582(c)(2); U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(1). A reduction is not authorized, however, if the amendment does not have the effect of lowering the defendant's applicable guideline range. GUIDELINES MANUAL § 1B1.10(a)(2)(B). Amendment 782, which became effective on November 1, 2014, modified the Drug Quantity Table in § 2D1.1 of the Guidelines Manual. It reduced by two levels the offense level assigned to drug quantities, resulting in a lower guideline sentencing range

for most federal drug trafficking offenses. Amendment 782, however, only reduces the sentencing range of defendants who were sentenced under U.S.S.G. § 2D1.1 based on relevant conduct amounts.

Defendant asserts that he is eligible for a vertical reduction of two points and resentencing to a lesser term of imprisonment (Doc. 473). Defendant is mistaken. Amendment 782 does not reduce his applicable guideline range. When Defendant was sentenced, he was not sentenced under U.S.S.G. § 2D1.1(c). Rather, because one of Defendant's counts of conviction was for Engaging in a Continuing Criminal Enterprise, his offense level was determined under § 2D1.5(a)(2). As a result, Amendment 782 does not lower his guideline range. *See United States v. Chambers*, 178 F.Supp.2d 789 (E.D.Mich. 2001) (Adoption of Sentencing Guidelines amendment did not warrant modification of defendant's sentence on ground that sentencing range was lowered subsequent to sentencing, where base offense level was calculated pursuant to the guideline section governing continuing criminal enterprise convictions, which was the offense of conviction); *see also United States v. Taylor,* 778 F.3d 667, 672 (7th Cir. 2015) ("The sentencing range that must have been changed to permit relief under § 3582(c)(2) is not the base offense level or any other intermediate step in the guideline calculation, but the bottom-line, final range that was the basis for the sentence. Relief is not available if a retroactive amendment does not have the effect of lowering the defendant's applicable guideline range.").

Having carefully reviewed the issues, the Court concludes that Mr. Schultz is entitled to withdraw as defense counsel, and Defendant is not eligible for the requested relief. For these reasons, Mr. Schultz's Motion to Withdraw (Doc. 476) is **GRANTED**. Defendant's Motion for a Sentence Reduction (Doc. 473) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 1, 2015**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**
